UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PABLO MARRERO,

    Plaintiff,

-vs-

LEXISNEXIS RISK SOLUTIONS, INC.,

    Defendant.

CASE NO.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, PABLO MARRERO (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, LEXISNEXIS RISK SOLUTIONS, INC. (hereinafter "LexisNexis"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. This is an action alleging LexisNexis violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA) by producing and selling consumer reports inaccurately reporting as to Plaintiff, and thereby failing to follow policies and

1

procedures to ensure the maximum possible accuracy of the consumer report it produced and sold.

3.     The FCRA creates a private right of action against a consumer reporting agency for the negligent, 15 U.S.C. § 1681o, or willful, 15 U.S.C. § 1681n, violation of any duty imposed by the FCRA. *Alexander v. Certegy Check Servs.*, No. 8:16-CV-859-17JSS, 2016 U.S. Dist. LEXIS 180072, at *5 (M.D. Fla. Dec. 29, 2016) (*citing Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1333 (11th Cir. 2015)).

4.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION, VENUE, AND PARTIES**

5.     Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7.     Venue is proper in this District as Plaintiff is a natural person and resident of Polk County in the State of Florida; LexisNexis transacts business within

this District; and a substantial portion of the violations described in this Complaint occurred in this District.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. LexisNexis is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

10. LexisNexis is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). LexisNexis is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. LexisNexis disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. LexisNexis is one of the largest credit reporting agencies in the United States today.

13. In or about early 2024, Plaintiff observed an unexpected and unusual increase in his auto insurance with non-party, First Acceptance.

14. Plaintiff contacted First Acceptance and spoke with a representative who advised the premium increase was due to an arrest in Massachusetts in November 2021. Plaintiff advised this was not him because he moved from Massachusetts to Florida in 2012 and has not been back.

15. In or about February 2024, Plaintiff applied for auto insurance through another vendor but was quoted a high rate.

16. On or about April 30, 2024, Plaintiff contacted the Polk County Sheriff's Office regarding the inaccurate and fraudulent reporting.

17. On or about May 21, 2024, Plaintiff obtained a copy of his LexisNexis report. Upon review of his LexisNexis consumer report, Plaintiff observed several errors in his report:

   i. An inaccurate date of birth;
   ii. Five (5) inaccurate addresses; and
   iii. Six (6) errors in "Section 9: Driver's License Records" which included suspended and inactive Massachusetts driver's license.

18. On or about June 20, 2024, Plaintiff mailed a detailed dispute letter to LexisNexis regarding the inaccurate reporting and requested an updated copy of his consumer report. In the letter, Plaintiff explained there were several errors in his consumer report including several Massachusetts driver's licenses which did not

4

belong to him. Further, Plaintiff explained that it appeared he was a victim of identity theft or a mixed file with a "Pablo Marrero" who lived in Massachusetts. In the letter, Plaintiff included an image of his driver's license and Social Security card as proof of identity. Plaintiff also included images of the erroneous reporting, images of his incident case number with the Polk County Sheriff's Office, images of the "Pablo Marrero" who resided in Massachusetts, and other supporting documents.

19. Plaintiff mailed his detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 9505 5161 5272 4172 6418 16.

20. Despite confirmation of delivery on June 24, 2024, as of July 25, 2024, Plaintiff had not received dispute results or a copy of his consumer report in the mail from LexisNexis.

21. Accordingly, on or about July 25, 2024, Plaintiff contacted LexisNexis who acknowledged receipt of Plaintiff's dispute, and that the investigation was still open. At that time, the LexisNexis representative placed a rush on Plaintiff's dispute.

22. On or about July 27, 2024, Plaintiff received dispute results from LexisNexis which stated that one (1) insurance policy record was verified as accurate. Further, the dispute results stated seven (7) identification records, three (3) Department of Driver Service Records, and one (1) address characteristic was removed from Plaintiff's LexisNexis consumer report.

5

23. On or about July 27, 2024, Plaintiff also received an updated copy of his LexisNexis consumer report. Upon review, Plaintiff observed that LexisNexis continued to report an incorrect date of birth which did not belong to Plaintiff. Further, Plaintiff observed six (6) errors in "Section 9: Driver's License Records" which included suspended and inactive Massachusetts driver's license continued to appear in his consumer report.

24. LexisNexis failed to do any independent investigation into Plaintiff's disputes.

25. LexisNexis never attempted to contact Plaintiff during the alleged investigation.

26. On or about August 21, 2024, Plaintiff mailed a detailed dispute letter to LexisNexis regarding the inaccurate reporting and requested an updated copy of his consumer report. In the letter, Plaintiff reiterated there were several errors in his consumer report including several Massachusetts driver's licenses which did not belong to him. Further, Plaintiff explained that it appeared he was a victim of identity theft or a mixed file with a "Pablo Marrero" who lived in Massachusetts. In the letter, Plaintiff included an image of his driver's license and Social Security card as proof of identity. Plaintiff also included images of the erroneous reporting, images of his

incident case number with the Polk County Sheriff's Office, images of the "Pablo Marrero" who resided in Massachusetts, and other supporting documents.

27. Plaintiff mailed his detailed dispute letter via USPS Certified Mail, tracking number 9407 1112 0620 4066 8573 33.

28. As of the filing of this Complaint, Plaintiff has not received dispute results from LexisNexis as to his second detailed dispute letter.

29. Despite Plaintiff's best efforts to have the inaccurate information corrected, LexisNexis continues to report the inaccurate information on Plaintiff's consumer report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

30. Despite Plaintiff's pleas, LexisNexis has not conducted an actual investigation.

31. Plaintiff continues to suffer as of the filing of this Complaint with LexisNexis' reluctance to conduct a thorough investigation into his disputes or otherwise make his consumer file accurate.

32. LexisNexis clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes.

33. As a result of the action and/or inaction of LexisNexis, Plaintiff has suffered damages, including, but not limited to:

7

i. Monies lost by attempting to fix his consumer report. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii. Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by LexisNexis' reluctance to fix the errors;

iv. An increase in his auto insurance deductible and insurance rate;

v. Inability and difficulty in obtaining affordable automobile insurance; and

vi. Defamation as LexisNexis published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, LexisNexis Risk Solutions, Inc. (Negligent)**

34. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-three (33) as if fully stated herein.

35. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

36. Upon information and belief, LexisNexis allowed for a Furnisher to report inaccurate information. LexisNexis failed to have policies and procedures to avoid misreporting driving records.

37. Upon information and belief, LexisNexis is aware that it has misrepresented driving records on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

38. Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

39. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

40. The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

41. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, PABLO MARRERO, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
**Violation of 15 U.S.C. § 1681e(b) as to Defendant, LexisNexis Risk Solutions, Inc. (Willful)**

42. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-three (33) as if fully stated herein.

43. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

44. Upon information and belief, LexisNexis allowed for a Furnisher to report inaccurate information. LexisNexis failed to have policies and procedures to avoid misreporting driving records.

45. Upon information and belief, LexisNexis is aware that it has misrepresented driving records on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

46. Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

47. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

48. The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

49. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, PABLO MARRERO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, LexisNexis Risk Solutions, Inc. (Negligent)**

50. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-three (33) as if fully stated herein.

51. After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and/or (iv) relying upon verification from a source it has to know is unreliable.

52. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

53. Plaintiff provided LexisNexis with the information it needed to confirm the driving records reported were inaccurate. LexisNexis ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make consumer file accurate.

54. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

55. The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

56. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, PABLO MARRERO, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, LexisNexis Risk Solutions, Inc. (Willful)

57. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-three (33) as if fully stated herein.

58. After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and/or (iv) relying upon verification from a source it has to know is unreliable.

59. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

60. Plaintiff provided LexisNexis with the information it needed to confirm the driving records reported were inaccurate. LexisNexis ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make consumer file accurate.

61. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

62. The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

63. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, PABLO MARRERO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PABLO MARRERO, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 22nd day of August 2024.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

**/s/ *Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*